1 | **MANNING LAW, PLLC**
2 | Michael J. Manning, Esq. (SBN: 286879)
3 | Phillip B. Nghiem, Esq. (SBN: 291525)
  | 4467 MacArthur Blvd. Suite 150
4 | Newport Beach, CA 92660
5 | PH: (949) 200-8755
  | FX: (866) 843-8308
6
7 | **AITKEN*AITKEN*COHN**
  | Darren O. Aitken, Esq. (State Bar No. 145251)
  | Casey R. Johnson, Esq. (State Bar No. 223523)
8 | 3 MacArthur Place, Suite 800
  | P.O. Box 2555
9 | Santa Ana, CA 92707-2555
  | PH: (714) 434-1424
10 | FX: (714) 434-3600

12 | Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH R. MANNING, JR., Individually and On Behalf of All Others Similarly Situated, | Case No.: SACV14-00899 JVS (ANx) |
| PLAINTIFF, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.** |
| LENDIO, INC. and DOES 1 to 10 | **JURY TRIAL DEMANDED** |
| DEFENDANTS. | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

1

## **INTRODUCTION**

1. JOSEPH R. MANNING, JR. ("Plaintiff") brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, LENDIO, INC. ("Lendio"), and DOES 1 to 50 (collectively referred to as "Defendants" unless otherwise indicated), in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. In particular, Plaintiff alleges that Lendio repeatedly made unsolicited marketing telephone calls to his cellular phone utilizing a prerecorded, artificial voice or automatic telephone dialing system ("ATDS") without consent.

3. "Consumer complaints about abuses of telephone technology—for

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

2

example, computerized calls to private homes – prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 742 (2012) (internal citations omitted). In an effort to enforce this fundamental right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

4. Lendio has caused consumers actual injury in fact, not only because Plaintiff and the putative class were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §1331. This case involves a question of Federal law, 47 U.S.C. § 227, *et seq.* (TCPA). Damages and injunctive relief are available under 47 U.S.C. § 227(b)(3).

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

6. Venue is proper in this District because Lendio engages in business in this District and a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California and the County of Orange. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

8. Plaintiff is informed and believes, and thereon alleges, that Lendio is, and at all times mentioned herein was, a Corporation whose primary business address is in Utah.

9. Lendio is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39).

10. Plaintiff alleges that, at all times relevant herein, Lendio conducted business in the State of California and in the County of Orange, and within this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## FACTUAL ALLEGATIONS

### Lendio Did Not Have Consent to Call Plaintiff

### Via an Automatic Telephone Dialing System

14. Plaintiff, Joseph R. Manning, Jr., is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

5

15. Plaintiff has never consented to any contact by Lendio.

**Lendio's Phone Calls to Plaintiff**

16. Notwithstanding that Plaintiff did not provide Lendio with his cellular phone number, Lendio called Plaintiff's cell phone at least four times.

17. The last four digits of Plaintiff's cellular phone number are "4532".

18. On May 1, 2014 at approximately 3:15 p.m. Plaintiff received his first call on his cellular phone from Lendio. Plaintiff's caller ID identified the call as coming from 916-526-0294.  Plaintiff did not recognize the call and allowed it to go to his voicemail.

19. When Plaintiff's voicemail answered the call a recording of a female representative who identified herself as "Brooklyn" at Lendio was left.  The message left by "Brooklyn" was as follows: "Hi my name is Brooklyn and I'm calling from Lendio if you could give us a call back that would be great phone number is 801-336-5290 thanks have a good day."  The duration of the message left was 11 seconds.

20. Plaintiff, unsure of why Lendio had called him, called "Brooklyn" back at 801-336-5290 and left a message inquiring as to why he had received the phone call.

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

21. On May 5, 2014 Plaintiff received a second call on his cellular phone from Lendio. Plaintiff's caller ID identified the call as coming from 916-526-0294.  Plaintiff answered this call.

22. Upon Plaintiff answering the call there was a noticeable delay before a Lendio representative answered.

23. When the representative answered Plaintiff was immediately asked if he would like to borrow money.  Plaintiff, in his car at the time, asked the representative to send him an email explaining the purpose of the call.

24. On May 5, 2014 at 5:10 p.m. Plaintiff received an email from a representative named Chris Johnston with the subject line "The information you requested...".  The email stated the following:

> Joseph,
>
> One of the biggest problems faced by small business owners is finding the financial resources they need to run a successful business. When we spoke over the phone, you asked for information that would help you better understand what we do here at Lendio. I've included a link to "12 Best Ways to Get Business Financing" for you to

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

review. You might be surprised to learn that only 10

percent of the people who visit the local bank actually

leave with a loan.

What we do at Lendio is pretty simple; we match small

business owners with banks or other financial instructions

that are anxious to lend money to small business owners

like you. It all starts with a simple profile. It only takes a

few minutes to complete to see your matches.

Thanks for taking the time to speak with me over the

phone. I'd love to talk to you more about what we can do

to help you.

Lendio can help you find the right loan for your business.

CLICK HERE to start your Lendio profile.

Thanks again,

Chris Johnston

Business Development Representative

801-336-5290

25. On May 12, 2014 at approximately 3:20 p.m. Plaintiff received a third call

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

on his cellular phone from Lendio.  Plaintiff's caller ID identified the call as coming from 916-526-0294.  Again the recording left on Plaintiff's voicemail was that of a female, who identified herself as "Brooklyn" at Lendio. The message left by "Brooklyn" was as follows: "Hi my name is Brooklyn and I'm calling from Lendio if you could give us a call back that would be great phone number is 801-336-5290 thanks have a good day." The duration of the message left was 11 seconds.

26. On June 1, 2014 at approximately 3:15 p.m. Plaintiff received a fourth call on his cellular phone from Lendio. Plaintiff's caller ID identified the call as coming from 916-526-0294. Again the recording left on Plaintiff's voicemail was that of a female, who identified herself as "Brooklyn" at Lendio. The message left by "Brooklyn" was as follows: "Hi my name is Brooklyn and I'm calling from Lendio if you could give us a call back that would be great phone number is 801-336-5290 thanks have a good day." The duration of the message left was 11 seconds.

### Lendio's Use of an Automatic Telephone Dialing System

27. The telephone call to Plaintiff on his cellular phone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1),

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

9

and all calls that are the subject of this Complaint occurred within four years of the filing of this complaint.

28. The telephone calls placed by Lendio to Plaintiff's cellular phone via the automatic telephone dialing system used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A)(iii).

29. Lendio did not make the telephone call to Plaintiff's cellular phone "for emergency purposes" as described in 47 U.S.C. § 227(B)(1)(A).

30. The telephone number that Lendio used to contact Plaintiff on an automatic dialing system was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

31. Plaintiff never provided consent to receive telemarketing phone calls by Lendio on his cell phone via an automatic dialing system.

32. Lendio is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(39).

33. Under the TCPA, the burden is on Lendio to demonstrate that Plaintiff and the class members provided consent to receive telemarketing calls via an automatic dialing system within the meaning of the statute, because there is a question as to whether express written consent was ever provided and

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

Lendio is the best entity to determine how such consent was obtained.

## CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated (the "Class").

35. Plaintiff proposes the following class definition, subject to amendment as appropriate:

    a.  (1) All persons within the United States (2) to whose cellular phone number Lendio or an entity on its behalf, (3) placed a non-emergency telemarketing call (4) through the use of an automatic telephone dialing system (5) within the past four years (6) where Lendio cannot show that the person provided consent for such calls.

36. Plaintiff represents and is a member of the Class.

37. Excluded from the Class are Lendio and any entities in which Lendio has a controlling interest, Lendio's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

38. Plaintiff does not know the exact number of members in the Class, but

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

based upon the size and national scope of Lendio as well as the nature of the marketing campaign to Plaintiff, Plaintiff reasonably believes that class members number at a minimum in the hundreds if not the thousands.

39. Plaintiff and all members of the class have been similarly harmed by the acts of Lendio not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumer frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

40. This Class Action Complaint seeks money damages and injunctive relief.

41. The joinder of the all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding multiplicity of identical suits. The class can be identified easily through records maintained by Lendio.

42. There are well-defined, nearly identical, questions of law and fact common to the members of the class. The questions of law and fact involving the class claims predominate over questions which may affect individual class

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

members.    Those common questions of law and fact include, but are not limited to, the following:

   a.   Whether Lendio made non-emergency telemarketing calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system;

   b.   Whether Lendio can meets its burden of showing it obtained prior consent to make such calls;

   c.   Whether Lendio's conduct was knowing and/or willful;

   d.   Whether Lendio is liable for damages, and the amount of such damages; and

   e.   Whether Lendio should be enjoined from engaging in such conduct in the future.

43. As a person who received at least four telemarketing telephone calls to his cellular telephone using an automatic telephone dialing system without his consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of the members of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class and has no interests which are antagonistic to any member of the Class.

---

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

44. Plaintiff has retained counsel experienced in handling class action claims.

45. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Lendio to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Lendio is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

46. Management of these claims is likely to present significantly fewer difficulties that are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express written consent required under the statute to authorize calls to their cellular telephones.

47. Lendio has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

48. Plaintiff anticipates providing notice to the Class by: direct mail notice in

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.**

14

the form of a post card, internet website, e-mail, and / or other reasonable and appropriate forms of notice.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 Et Seq.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Lendio constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Lendio's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 Et Seq.

53. Plaintiff incorporates by reference all of the above paragraphs of this

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

15

Complaint as though fully stated herein.

54. The foregoing acts and omissions of Lendio constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

55. As a result of Lendio's knowing and / or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and the Class are entitled to an award of $1500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court grant Plaintiff and the members of the Class the following relief against Lendio:

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. § 227 ET SEQ.

a. As a result of Lendio's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Class $500.00 in

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

b. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND / OR WILLFUL VIOLATION OF THE TCPA
## 47 U.S.C. § 227 ET SEQ.

a. As a result of Lendio's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each member of the Class $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

b. Pursuant to 47 U.S.C. § 227(b)(3)A), injunctive relief prohibiting such conduct in the future.

## OTHER RELIEF

Any and all further relief that the Court deems just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

17

Dated: June 11, 2014

MANNING LAW, PLLC

By: _____

Michael J. Manning, Esq.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE
TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq.

18

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge __James V. Selna__ and to

Magistrate Judge __Arthur Nakazato__ .

The case number on all documents filed with the Court should read as follows:

### __SACV14−00899 JVS (ANx)__

Pursuant to General Order 05−07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery−related motions. All discovery−related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U.S. District Court

__June 11, 2014__                    By __/s/ Dodjie Lagman__
Date                                         Deputy Clerk

## ATTENTION

*A copy of this Notice must be served on all parties served with the Summons and Complaint (or, in cases removed from state court, on all parties served with the Notice of Removal) by the party who filed the Complaint (or Notice of Removal).*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
JOSEPH R. MANNING, JR., Individually and On Behalf of All Others Similarly Situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
LENDIO, INC. and DOES 1 to 50

**(b)** County of Residence of First Listed Plaintiff   Orange
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Salt Lake, UT
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.
Manning Law, PLLC, 4667 MacArthur Blvd., Suite 150, Newport Beach, CA 92660, 949-200-8755

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
47 U.S.C. § 227.  Defendants violated Telephone Consumer Protection Act (TCPA.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accommodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number:   **SACV14-00899 JVS (ANx)**

CV-71 (06/14)          CIVIL COVER SHEET          Page 1 of 3

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [ ] Yes   [X] No | [ ] Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| QUESTION B:  Is the United States, or one of its agencies or employees, a PLAINTIFF in this action? | B.1.  Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes   [X] No | | [ ] NO.  Continue to Question B.2. |
| If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.2.  Do 50% or more of the defendants who reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION C:  Is the United States, or one of its agencies or employees, a DEFENDANT in this action? | C.1.  Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
|---|---|---|
| [ ] Yes   [X] No | | [ ] NO.  Continue to Question C.2. |
| If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.2.  Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* ➡ | [ ] YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | [ ] NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [X] | [ ] | [ ] |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | [ ] | [ ] | [ ] |

| D.1.  Is there at least one answer in Column A? | D.2.  Is there at least one answer in Column B? |
|---|---|
| [X] Yes   [ ] No | [ ] Yes   [ ] No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. ➡ | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | SOUTHERN |

| QUESTION F: Northern Counties? | | |
|---|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | [ ] Yes | [X] No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**?    ☒ NO    ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Is this case related (as defined below) to any cases previously filed **in this court**?    ☒ NO    ☐ YES

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply.  That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**     DATE:  6-10-14

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1.  This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended.  Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |